```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


MICHAEL A. BARNARD,

                         Plaintiff,

             v.                              CASE NO. 11-3111-SAC

BOURBON COUNTY DISTRICT COURT, et al.,

                         Defendants.
```

O R D E R

This matter comes before the court on a form complaint for seeking relief under 42 U.S.C. § 1983.  Plaintiff, a prisoner confined in the Bourbon County Jail in Ft. Scott, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis un der 28 U.S.C. § 1915.

*Filing Fee - 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).  Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date

of filing of a civil action.

Having considered the limited financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint - 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

To the extent plaintiff challenges the legality of his present confinement pursuant to a state court judgment, and seeks his release or sentence modification, relief in the federal courts must be pursued in habeas corpus after first exhausting state court remedies. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]")*(citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, any such claim being asserted in this matter should be dismissed without prejudice.

To the extent plaintiff seeks damages for his alleged illegal confinement, this claim is barred until plaintiff demonstrates the basis for his present confinement has been legally invalidated. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus···." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because plaintiff makes no such showing, this claim for damages is subject

to being summarily dismissed without prejudice.

To the extent plaintiff alleges mail from his attorney was opened outside his presence on April 13, 2001, this isolated instance of his legal mail being mishandled is insufficient to plausibly establish any violation of plaintiff's constitutional rights.  See *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990)(isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation").

To the extent it appears that plaintiff is claiming the state district court failed to honor his request for written notice of his in forma pauperis motion, no discernable claim of constitutional deprivation is presented.

Also, the court finds no basis for plaintiff to proceed against any of the three defendants named in the complaint.  First, the State of Kansas should be dismissed because plaintiff's claim for prospective injunctive relief regarding his state sentence must be pursued in habeas corpus, and the Eleventh Amendment bars a claim for damages.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)(Eleventh Amendment doctrine of sovereign immunity bars actions in federal court for damages against a State and its agencies).  Second, any claim against the state district court is treated as a claim against the State, and is likewise barred.  And third, the Bourbon County Jail should be summarily dismissed because this facility is not a "person" subject to suit under § 1983, and is not a suable entity. *See e.g. Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y.1994)("a jail is not an entity that

is amenable to suit").

### Notice and Show Cause Order to Plaintiff

Accordingly, plaintiff is directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein by the court, without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc.2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED: This 20th day of July 2011 at Topeka, Kansas.

                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge